UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CASE NO. 5:14-CV-00087-LLK

**ROBERT TODD HIETT**                                                                                           **PLAINTIFF**

**v.**

**CAROLYN W. COLVIN,**                                                                                          **DEFENDANT**
        Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability benefits.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  The fact and law summaries of Plaintiff and Defendant are at DN 13 and 14, and this matter is ripe for determination.

Because Plaintiff's contention that he suffers from a mental impairment satisfying Listing § 12.04 fails to meet the duration requirement and because his own description of his limitations is compatible with performance of some jobs in the national economy, the Court will AFFIRM the Commissioner's final decision.

### Background facts and chronology

Plaintiff was born in 1969.  He acknowledged many years of daily marijuana use and frequent abuse of amphetamine, ecstasy, cocaine, LSD, and mushrooms "starting at about 1986 and with ebbs and flows all the way up until, I would say, the beginning of last year [i.e., 2012]."  Administrative Record (AR), p. 14.

Despite this drug abuse, Plaintiff maintained gainful employment from 1994 through 2006, as a production manager and from 2006 through June, 2012, as a massage therapist.  AR, p. 87.

In May, 2012, while living in Fayette County, Kentucky, and, at that time, "using no drugs or alcohol and [] no prescription medications" other than high blood pressure pills, Plaintiff experienced the onset of what would become a complete psychotic break with reality. AR, pp. 289-90. His thoughts began to race, he became obsessed with "religious coincidences," he was unable to sleep, and eventually succumbed to visual hallucinations. Id.

In June, at the urging of friends, he was psychiatrically hospitalized, prescribed Depakote, and released. However, soon after release, he stopped taking the Depakote because he became convinced that "God was going to help me with that." Id.

By late June, he was experiencing strong delusions to the effect that God was instructing him to kill certain individuals (which thankfully did not occur) and that his dog was "an agent of the beast." Id. After posting some bizarre Facebook messages, concerned friends arrived at his residence and discovered that he had stabbed his dog to death. Id.

In July, Plaintiff was confined to the Fayette County mental health unit on charges of animal cruelty and terroristic threatening. Id. In November, he was released on condition that he faithfully take Lamictal as prescribed for his mental condition. Id. He also takes Hydroxyzine as needed as a sleep aid.

Shortly after release, he moved to Paducah, Kentucky, and at the time of the administrative hearing, lived with his mother. He testified that he has not taken any illegal drug since release. AR, p. 51. He participates in biweekly counseling at Four Rivers Behavioral Health.

He filed for disability, with an alleged onset of disability date of July 1, 2012. He alleges no physical limitation but claims that his mental impairment (bipolar disorder) meets or equals the requirements of § 12.04 of Appendix 1 of the regulations, the so-called Listing of medical impairments.

**Analysis**

To be disabling, a physical or mental impairment must satisfy the so-called duration requirement, i.e., it must have "lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The burden of proof to show that a medical impairment meets or equals the clinical criteria of a listed impairment (relevant at step three of the sequential evaluation process) is upon the claimant. *Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir.2011) (burden of proof shifts to Commissioner at step five).

Because a finding that the Listing is satisfied results in a conclusive presumption of disability, a claimant must show that all of the specified medical criteria are satisfied precisely. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Part B of Listing § 12.04 (affective disorder) requires at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration;

In this case, the ALJ accepted as credible the B criteria ratings opined by medical expert (ME) Tom Wagner, Ph.D. Dr. Wagner testified that, in light of the evidence as a whole, Plaintiff's condition was of Listing-level severity from the alleged onset date in July, 2012, through approximately February, 2013 – this being less than the 12 months necessary to satisfy the duration requirement of 42 U.S.C. § 423(d)(1)(A). AR, p. 57. Thereafter, according to Dr. Wagner, Plaintiff's condition improved, and he is now limited as follows with respect to the B criteria: mild, mild to moderate, moderate, none. AR, pp. 58 and 463.

Plaintiff's Listing § 12.04 claim is unpersuasive because he has not satisfied the duration requirement. Plaintiff has not pointed the Court to any evidence, which the ALJ was required to accept, that he suffered, at any time after February, 2013, Listing-level restrictions satisfying the duration requirement.

In attempting to prove that Listing § 12.04 is satisfied, Plaintiff relies on his Four Rivers Behavioral Health counseling records. The notes contain raw global assessment of functioning (GAF) scores that allegedly show a consistent, ongoing, disabling level of mental impairment.

The ALJ did not abuse her discretion in discounting counsel's "plac[ing] considerable reliance on these GAF ratings." AR, p. 27. A "GAF [score] is [merely] a clinician's subjective rating, on a scale of zero to 100, of an individual's overall psychological functioning" on the occasion in question. *Kornecky v. Commissioner*, 2006 WL 305648 n. 7 (6th Cir.). An ALJ need not "put stock in a GAF score" for purposes of determining disability status. Id. at *14.

The ALJ's finding that Plaintiff is not per-se disabled pursuant to Listing § 12.04 is further supported by Plaintiff's own testimony: He testified that the Lamictal "does a good job of addressing" his manic symptoms. AR, p. 49. He does experience an "odd feeling" from time to time but it "goes away on its own after a little while." AR, p. 50. He does not identify himself as being depressed, although he does experience feelings of guilt. Id. Panic attacks are "pretty infrequent." AR, p. 53. When asked directly whether he felt he could return to the work force, he responded:

> *Plaintiff*: I do not feel like there's much that I could do that would be of any benefit at this point. I feel like I still have much more need for recovery before I'm able to actually be in the work force and do a sufficient job.                    (AR, p. 54).

The ALJ found that, although unable to return to past relevant work, Plaintiff is capable of performing a significant number of relatively socially-isolated, low-stress, physically-focused jobs in the national economy:

... the individual should refrain from complex tasks.  Further, the individual should have only occasional and task focused interaction with supervisors, occasional interaction with co-workers and no interaction with the general public in an environment that is not fast paced or strictly quota based.  Changes in work should be introduced gradually.    (AR, p. 232).

### Request for "Sentence 6" Remand

Some of the Four Rivers Behavior Health records were before the ALJ at the time of the administrative hearing, some were submitted after the hearing but prior to the ALJ's decision, and some were first submitted to the Appeals Council.

Plaintiff alleges that the evidence submitted to the Appeals Council entitles him to a so-called "sentence six" remand.

Pursuant to "sentence six" of 42 U.S.C. § 405(g), the Court has jurisdiction to remand this case to the Commissioner for consideration of any "new evidence which is material" if "there is good cause for the failure to incorporate such evidence into the record" as of the date of the Commissioner's final decision.  When the Appeals Council declines to review an ALJ's decision, the ALJ's decision becomes the Commissioner's final decision.  *Cotton v. Secretary*, 2 F.3d 692, 695 (6th Cir.1993).  In this case, the ALJ's decision became the Commissioner's final decision when the Appeals Counsel declined further review.

The party seeking a "sentence six" remand bears the burden of proof.  *Sizemore v. Secretary*, 865 F.2d 709, 711 (6th Cir.1988).  The movant must demonstrate materiality of the evidence.  Evidence is material if there is a "reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence."  *Id.*  Cumulative evidence is not material.  *Young v. Secretary*, 925 F.2d 146 (6th Cir.1990).  In addition, the movant must show good cause for late submission of the evidence.

The new evidence in this case, which was first submitted to the Appeals Council, is immaterial because it is cumulative and not significantly different than that before the ALJ.  As to all of the Four Rivers Behavior Health records, Plaintiff attempts to establish disability based upon raw GAF scores,

which the Commissioner need not "put stock in" for purposes of determining disability status. *Kornecky*, supra.

## Order

Because the ALJ's finding that Plaintiff's bipolar disorder does not meet or equal the requirements of Listing § 12.04 is supported by substantial evidence, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.